# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

NIYONU SPAULDING,      )
                       )
    Movant,             )
                       )
v.                     )     Case No.  CV410-027
                       )               CR405-003
UNITED STATES OF AMERICA, )
                       )
    Respondent.         )

## REPORT AND RECOMMENDATION

Niyonu Spaulding moves the Court for 28 U.S.C. § 2255 relief. Doc. 125.[1] Upon preliminary review under Rule 4(b) of the Rules Governing 28 U.S.C. § 2255 Proceedings, her motion should be **DENIED**.

## I.   BACKGROUND

Spaulding pled guilty to one count of a multi-count cocaine conspiracy/distribution indictment and was sentenced to 188 months' imprisonment for violating 21 U.S.C. § 841(a)(1). Docs. 90, 91, & 102. She then unsuccessfully appealed, doc. 102, and later unsuccessfully

---

[1] Unless otherwise noted, citations are to the docket in movant's criminal case, CR405-003.

moved this Court for an extension of time within which to file a § 2255 motion. Doc. 104. Subsequently, she moved under 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10(c), for a "crack-amendment" resentencing. Doc. 119. The district judge granted it, reducing her sentence to 176 months. Doc. 124 (entered Feb. 24, 2009).

If Spaulding was unhappy with the amount of the sentence reduction then her remedy was to take a direct appeal from that ruling. *See, e.g., United States v. McNealy*, 348 F. App'x 440 (11th Cir. 2009). Yet, she did not. Doc. 125 at 4 (she excuses this by claiming "Law not available at that time"). Instead, on February 2, 2010, she placed the instant § 2255 motion in her prison's mail system. Doc. 125 at 12. In it she contends, simply, that "[o]n May 14, 2008; amendment 716[2] was

---

[2] Spaulding refers to an amendment that figured into her motion to reduce her sentence

> under 18 U.S.C. § 3582(c)(2) based on Amendment 715 to the sentencing guidelines. Amendment 715 provided for a two-level reduction in the base offense levels for most offenses involving cocaine base and at least one other controlled substance. *See* U.S.S.G.App. C, Amend. 715 (Supp. May 2008); U.S.S.G. § 2D1.1 cmt. n.10(D)(i). Amendment 715 became effective on May 1, 2008 and was made retroactive by Amendment 716. *See* U.S.S.G. § 1B1.10(c).

*United States v. Phillips*, ___ F.3d ___, 2010 WL 610883 at *1 (11th Cir. Feb. 23, 2010) (footnote omitted).

made retroactive. When [her] Motion for Sentence Reduction was filed it was not considered even though I addressed it in my motion." *Id.* at 4 (footnote added).

## II. ANALYSIS

Spaulding contends that "amendment 716 was made retroactive" and when she moved to reduce her sentence "it was not considered. . . ." Doc. 125 at 4. Of course, "amendment 716" was not something for the sentencing judge to "consider," for it simply made another Sentencing Guideline amendment retroactive. *See supra* n 2. Construing her pleading liberally, *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997), the Court concludes that Spaulding is simply unhappy with the *amount* of the sentence reduction she received, so she has basically filed a pro forma § 2255 motion (which requires no filing fee) in the apparent hope that somehow she will get something out of it.

Procedurally, it is unclear whether Spaulding can even use § 2255 to challenge a § 3582 sentence reduction.[3] And if she could, she would

---

[3] *See McNealy*, 348 F. App'x. at 442 (noting that "a § 2255 motion to vacate . . . allows for jurisdictional challenges, whereas § 3582(c)(2) is limited to determining whether a defendant was sentenced based on a Guidelines range that has been amended since his original sentencing."); *United States v. Yearby*, 323 F. App'x 790,

3

likely be procedurally barred because she took no direct appeal from the reduction ruling. Applying *James, see* n. 3 *supra*, however, it is not necessary to reach those procedural issues because Spaulding's Motion for Sentence Reduction in fact *was* considered -- the judge reduced her sentence from 188 to 176 months. He explained that

> [t]he reduced sentence is within the amended guideline range; however, the Court will not depart below the amended guideline range based on the 5K1.1 motion filed before the original sentencing. The Court has considered all the sentencing factors set forth in 18 U.S.C. § 3553(a) and has determined 176 months is the appropriate sentence as the defendant poses a threat to the community.

Doc. 124 at 1.

Again, Spaulding apparently is unhappy with the *amount* of the sentence reduction she received. She raises no substantive argument on that score (e.g., that the sentencing judge misread the record, miscalculated something, or abused his discretion), and instead

---

793 (11th Cir. 2009) (a defendant "may not circumvent the requirements of 28 U.S.C. § 2255, as well as the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), by attacking his conviction in an appeal from the grant of § 3582(c)(2) relief""). Faced with the task of sorting out whether a defendant properly challenged his resentencing under § 2255, § 3582, 18 U.S.C. § 3742, or Fed. R. Cr. P. 35, the court in *United States v. James*, 323 F. App'x 746 (11th Cir. 2009), simply assumed arguendo that § 2255 could be invoked then denied relief because it was untimely filed. *Id.* at 748-50.

conclusorily claims only that her motion was "not considered." It clearly was. On the face of her pleading, then, the Court should **DENY** her 28 U.S.C. § 2255 motion.

Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  29th  day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA